118 P.3d 160

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Billie Lou DAVIS, Defendant–Appellant.**

**State of Idaho, Plaintiff–Appellant,**

v.

**Billie Lou Davis, Defendant–Respondent.**

Nos. 30626, 31000.

Court of Appeals of Idaho.

June 8, 2005.

Review Denied Aug. 24, 2005.

Matthews Law Offices and Griffard Law Offices, Boise, for Davis. Leo N. Griffard, Jr. argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for State of Idaho. Kenneth K. Jorgensen argued.

PERRY, Chief Judge.

In Docket No. 30626, Billie Lou Davis appeals from the district judge's order granting the state's motion to dismiss without prejudice a criminal charge of operating a motor vehicle while under the influence of alcohol or drugs (DUI). In Docket No. 31000, the state appeals from a different district judge's order granting Davis's motion to dismiss with prejudice a subsequent felony DUI charge alleging the same conduct as the original charge, which was refiled following its dismissal. We affirm the order dismissing the original DUI charge without prejudice and reverse the order dismissing the subsequent DUI charge.

## I.

## FACTS AND PROCEDURE

Following a traffic stop on October 26, 2002, Davis was arrested for DUI. The state filed a criminal complaint against Davis, charging her with felony DUI. I.C. §§ 18–8004, 18–8005(5). On October 28, Davis was released on bond. On January 21, 2003, the magistrate ordered that Davis be held to answer on the DUI charge. On January 23, the state filed an information, and trial was scheduled for June.

On May 27, 2003, the trial was rescheduled for August 5 because one of the state's witnesses was scheduled for vacation on the June trial date. On July 2, the state filed a motion to again continue the trial, asserting that two of its witnesses were scheduled for vacation on the August trial date. On July 21, at the hearing held on the state's motion, Davis refused to waive her right to a speedy trial. The district court then denied the state's motion to continue, finding that the state's reasons for delaying Davis's trial were based on "pure convenience" and did not rise to the level of good cause.

On August 4, 2003, the state orally moved to dismiss the case without prejudice. Davis requested that the dismissal be with prejudice. The district court orally granted the state's motion. On August 18, Davis filed a motion asking the district court to reconsider the terms of its oral dismissal of the DUI charge and that the dismissal be with prejudice. The state filed a written motion to dismiss without prejudice on September 4. On September 5, the state filed a subsequent criminal complaint charging Davis with the same DUI offense and requested that a warrant for Davis's arrest be issued. A hearing was held to determine whether the complaint established probable cause. The magistrate signed the complaint, a warrant was issued, and Davis was arrested and released on the second DUI charge. This subsequent DUI charge was thereafter assigned to a different district judge.

On September 10, 2003, the district court entered a written order dismissing the original DUI charge without prejudice. Davis filed a motion to reconsider the written order on September 15. In her motion, Davis argued that the dismissal of the original charge should be with prejudice because allowing the state to refile another charge for the same conduct as the dismissed charge violated her right to due process of law. On October 14, the parties presented oral argument to the district court on Davis's motion to reconsider. However, the district court did not render its decision on Davis's motion until five months later in March 2004. In its decision, the district court found that Idaho law permits the dismissal of a felony charge without prejudice, and that no evidence had been presented which demonstrated a motive by the state to delay Davis's prosecution in a substantial fashion, to harass, or to forum-shop. The district court also found that, weighing the severity of the crime charged and Davis's lack of prejudice against the state's weak rationale for being unable to proceed, warranted dismissal without prejudice. The district court denied Davis's motion to reconsider in a memorandum decision and order on March 5 and entered an amended order and decision on March 8. Davis appeals in Docket No. 30626.

On April 19, 2004, the state filed its information in the second DUI case. On April 20, the magistrate signed a commitment and Davis was released on her own recognizance. On May 4, Davis moved to stay the proceedings pending the outcome of her appeal in Docket No. 30626. On May 10, at Davis's request, the hearing to enter her plea and argue her motion was continued until May 24, at which time the district court entered a plea of not guilty and denied Davis's motion to stay. On June 1, Davis filed a motion to dismiss the second DUI charge with prejudice, on the grounds that her right to due process had been violated. The district court granted Davis's motion, finding that the state had violated Davis's right to a speedy trial, and dismissed the second DUI charge with prejudice. The state appeals in Docket No. 31000. Davis's and the state's appeals have been consolidated.

## II.

## ANAYLSIS

### A. Speedy Trial

■ In Docket No. 31000, the state argues that district court erred in finding that Davis's constitutional right to a speedy trial was violated in the second DUI action. Whether there was an infringement of a defendant's right to speedy trial presents a mixed question of law and fact. *State v. Clark*, 135 Idaho 255, 257, 16 P.3d 931, 933 (2000). We will defer to the trial court's findings of fact if supported by substantial and competent evidence; however, we will exercise free review of the trial court's conclusions of law. *Id.* The state contends that the district court incorrectly applied the law to the facts of this case.

■ The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to a speedy trial. This right is applicable to the states through the Fourteenth Amendment. *State v. Young*, 136 Idaho 113, 117, 29 P.3d 949, 953 (2001). Additionally, the Idaho Constitution guarantees that a person accused of a crime has the right "to a speedy and public trial." IDAHO CONST. art. I, § 13. The speedy trial guarantee is designed to minimize the possi-

bility of lengthy incarceration prior to trial; to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail; and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges. *United States v. Loud Hawk,* 474 U.S. 302, 311, 106 S.Ct. 648, 654, 88 L.Ed.2d 640, 651–52 (1986); *United States v. MacDonald,* 456 U.S. 1, 8, 102 S.Ct. 1497, 1502, 71 L.Ed.2d 696, 703–04 (1982).

■ To determine whether a defendant's constitutional right to a speedy trial was violated under both the United States and Idaho Constitutions, we employ the balancing test set forth in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). *See Young,* 136 Idaho at 117, 29 P.3d at 953. In *Barker,* the United States Supreme Court identified four factors that are weighed to determine whether there has been a constitutional violation. Those factors are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his or her right to a speedy trial; and (4) the prejudice occasioned by the delay. *Barker,* 407 U.S. at 530, 92 S.Ct. at 2192, 33 L.Ed.2d at 116–17.

### 1. Length of Delay

■ The first factor, the length of the delay, is a triggering mechanism. *Young,* 136 Idaho at 117, 29 P.3d at 953. Until there is some delay which is presumptively prejudicial, it is unnecessary to inquire into the other three factors. *Barker,* 407 U.S. at 530, 92 S.Ct. at 2192, 33 L.Ed.2d at 116–17; *Young,* 136 Idaho at 117, 29 P.3d at 953. The constitutional right of the accused to a speedy trial has no application beyond the confines of a formal criminal prosecution. *Doggett v. United States,* 505 U.S. 647, 655, 112 S.Ct. 2686, 2692–93 120 L.Ed.2d 520, 530–31 (1992). Thus, the right to a speedy trial does not apply to the period before a defendant is indicted, arrested, or otherwise formally accused. *MacDonald,* 456 U.S. at 6, 102 S.Ct. at 1500–01, 71 L.Ed.2d at 702 . Similarly, the right to a speedy trial has no application after the government, acting in good faith, formally dismisses charges. *Id.* at 7, 102 S.Ct. at 1501, 71 L.Ed.2d at 702–03.

Any undue delay after charges are dismissed, like any delay before charges are filed, must be scrutinized under the Due Process Clause and not under a speedy trial analysis. *Id.*

In the second DUI case, the district court found that the delay of over one year was presumptively prejudicial. The state asserts that whether there was a violation of the Idaho Constitution was not addressed by the district court and, therefore, no speedy trial issue based on the Idaho Constitution is before this Court on appeal. The state contends that, although Davis's right to a speedy trial under the Idaho Constitution arose upon the filing of the subsequent criminal complaint in September 2003, Davis's right to a speedy trial under the Sixth Amendment to the United States Constitution was not triggered until the filing of the subsequent information in April 2004. The state argues that, because the district court was applying only the federal constitution, it erred in considering the length of the delay between the dismissal of the original DUI charge and the filing of the information in the subsequent action.

■ Idaho courts have recognized that the state guarantee is not necessarily identical to the federal guarantee. *See State v. Hobson,* 99 Idaho 200, 201, 579 P.2d 697, 698 (1978); *State v. Mason,* 111 Idaho 660, 663, 726 P.2d 772, 775 (Ct.App.1986). The Idaho Supreme Court indicated:

> Under the Sixth Amendment, the period of delay is measured from the date there is "a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge." *United States v. Marion,* 404 U.S. 307, 320, 92 S.Ct. 455, 463, 30 L.Ed.2d 468, 479 (1971). Under the Idaho Constitution, the period of delay is measured from the date formal charges are filed or the defendant is arrested, whichever occurs first.

*Young,* 136 Idaho at 117, 29 P.3d at 953.

In this case, the district court found that "the right to a speedy trial has two separate sources: a state statutory basis, I.C. § 19–3501 et. seq., and a constitutional basis provided by both the United States Constitution and the Idaho Constitution." In determining that Davis's right to a speedy trial was violat-

ed, the district court applied the *Barker* test, which the district court recognized is utilized when determining whether the Idaho Constitution has been violated. We conclude that the district court addressed whether Davis's right to a speedy trial under both the United States and Idaho Constitutions was violated and that, therefore, the issue of whether the Idaho Constitution was violated is properly before us on appeal. Accordingly, in determining when Davis's speedy trial right arose in this case, we apply the stricter standard found in our state constitution.

Davis was initially arrested in October 2002 and faced charges in the original DUI action for a period of approximately ten months. On September 5, 2003, the state filed the subsequent criminal complaint, the magistrate found probable cause, and Davis was arrested and released. Davis was an "accused" in the subsequent DUI action for a period of approximately eight months. Accordingly, Davis faced criminal charges for the same alleged offense for a period of eighteen months.

 The speedy trial analysis set forth in *Barker* compels courts to approach speedy trial cases on an *ad hoc* basis. *See Barker*, 407 U.S. at 530, 92 S.Ct. at 2192, 33 L.Ed.2d at at 116–17. The Court reasoned that, because of the imprecision of the right to a speedy trial, the length of delay that will provoke an inquiry into whether those rights have been violated is necessarily dependent upon the peculiar circumstances of the case. *Id.* at 530–31, 92 S.Ct. at 2192, 33 L.Ed.2d at 116–17. The nature of the case is also of import as to the period of delay that can be tolerated. *State v. McNew*, 131 Idaho 268, 271–73, 954 P.2d 686, 689–91 (Ct.App.1998). Delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge. *Barker*, 407 U.S. at 531, 92 S.Ct. at 2192, 33 L.Ed.2d at 117; *McNew*, 131 Idaho at 272, 954 P.2d at 690.

 The nature of the charge Davis was facing, a DUI arising out of a traffic stop, cannot be characterized as complex, which would justify a protracted period to allow the state to prepare its case against Davis. The period of time that Davis faced criminal charges was presumptively prejudicial and necessitates our inquiry into the remaining *Barker* factors. *See also State v. Rodriquez–Perez*, 129 Idaho 29, 33–37, 921 P.2d 206, 210–14 (Ct.App.1996) (A delay of over thirteen months was sufficient to trigger judicial scrutiny for complex conspiracy charge.).

## 2. Reason for Delay

 In evaluating the reason for the delay, different weights are assigned to different reasons. *Loud Hawk*, 474 U.S. at 315, 106 S.Ct. at 656, 88 L.Ed.2d at 654. Our speedy trial standards recognize that pretrial delay is often both inevitable and wholly justifiable. *Doggett*, 505 U.S. at 656, 112 S.Ct. at 2693, 120 L.Ed.2d at 531. We attach great weight to considerations such as the state's need for time to collect witnesses, oppose pretrial motions, or locate the defendant in the event that the he or she goes into hiding. *Id.* A valid reason, such as a missing witness, should serve to justify appropriate delay. *Barker*, 407 U.S. at 531, 92 S.Ct. at 2192, 33 L.Ed.2d at 117. However, there is an enormous difference between being inconvenienced and being unavailable. *Clark*, 135 Idaho at 260, 16 P.3d at 936. True unavailability suggests an unqualified inability to attend, while inconvenience merely implies that attendance at trial would be burdensome. *Id.*

 A deliberate attempt to delay the trial in order to hamper the defense should be weighed heavily against the state. *Barker*, 407 U.S. at 531, 92 S.Ct. at 2192, 33 L.Ed.2d at 117. A more neutral reason, such as negligence or overcrowded courts, should be weighed less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the state rather than with the defendant. *Barker*, 407 U.S. at 531, 92 S.Ct. at 2192, 33 L.Ed.2d at 117; *State v. Wavrick*, 123 Idaho 83, 89, 844 P.2d 712, 718 (Ct.App. 1992). While not compelling relief in every case where a bad-faith delay would make relief virtually automatic, neither is negligence automatically tolerable simply because the accused cannot demonstrate exactly how it has prejudiced him or her. *Doggett*, 505

U.S. at 657, 112 S.Ct. at 2693–94, 120 L.Ed.2d at 531–32. Although negligence is weighed more lightly than a deliberate intent to harm the accused's defense, it still falls on the wrong side of the divide between acceptable and unacceptable reasons for delaying a criminal prosecution. *Id.*

■ In Davis's original prosecution, the district court found that the reason for the delay in bringing Davis to trial was based on the convenience of the witnesses, was weak, and reflected poor communication between the state and its witnesses. However, the district court found that there was no evidence that the state held a motive to delay in a substantial fashion, harass, or forum-shop by failing to promptly prosecute Davis. We conclude that there was no justification to excuse the ten-month lapse between Davis's arrest and the dismissal of the original charge but that the reason for that delay gravitates towards negligence. Thus, although not weighed as heavily against the state as a bad-faith delay, the delay in the original prosecution is attributable to the state.

■ In the subsequent DUI action, the explanation for the delay in bringing Davis to trial is apparent from the record. The state filed the second criminal complaint on September 5, 2003. The district court did not enter its written order dismissing the original DUI charge until September 10. Davis filed her motion to reconsider that order on September 15 and the parties presented argument on October 14. No ruling was forthcoming, however, until March 2004. In April 2004, approximately one month after the district court entered its decision denying Davis's motion to reconsider the dismissal of the original DUI charge, the state filed its information in the subsequent DUI charge. Thus, the delay between the filing of the criminal complaint and the information in the second action corresponds with the time that Davis's motion to reconsider was pending. Had the first district judge granted Davis's motion to reconsider, the state would have been barred from prosecuting the subsequent DUI charge. Accordingly, it would have been unreasonable for the state to vigorously pursue Davis's second prosecution and to put Davis and the public to the expense of preparing for trial when the disposition of Davis's motion to reconsider the without prejudice dismissal of the first case might have required that the subsequent charge be dismissed.

Nevertheless, the district court in the second prosecution attributed the delay to the state, finding that it had failed to offer an explanation for the delay. In the absence of an affirmative explanation for a delay, such delay might be attributable to the state because the duty to bring a defendant to trial lies with the state, not the defendant. *See Barker,* 407 U.S. at 527, 92 S.Ct. at 2190, 33 L.Ed.2d at 114–15. However, this is not a case in which an explanation for the delay was lacking. In its memorandum decision granting Davis's motion to dismiss the subsequent charge, the district court noted that the other district judge's order denying Davis's motion to reconsider the original charge was before it and that Davis had appealed to the Supreme Court from that order. Despite being aware of the case's procedural history, the district court failed to recognize the explanation for the delay on the face of the record and, thus, erroneously attributed that delay to the state. Some of that delay also must be placed upon the first district judge's failure to rule on Davis's motion for five months. We conclude that Davis's trial on the subsequent DUI charge was delayed because Davis's motion to reconsider in the original action was pending.

■ Although there is no indication that Davis filed her motion for a bad-faith purpose, the delay that ensued while Davis's motion was pending must be attributed to her. The period of delay attributable to the defendant will not be weighed against the state. *McNew,* 131 Idaho at 272, 954 P.2d at 690. In *Loud Hawk,* the United States Supreme Court evaluated what weight should be attributed to delay occasioned by the defendant's interlocutory appeals. Delays from such appeals will not ordinarily weigh in favor of a defendant's speedy trial claims. *Loud Hawk,* 474 U.S. at 316, 106 S.Ct. at 656–57, 88 L.Ed.2d at 654–55. A defendant with a meritorious appeal would bear the heavy burden of showing an unreasonable

delay caused by the prosecution in that appeal or a wholly unjustifiable delay by the appellate court. *Id.* A defendant, who resorts to an interlocutory appeal, normally should not be able to return to the district court and reap the reward of dismissal for failure to receive a speedy trial. *Id.* Having sought the aid of judicial process and realizing the deliberateness that a court employs in reaching a decision, defendants are not then able to criticize the very process which they called upon. *Id.* at 316–17, 106 S.Ct. at 656–57, 88 L.Ed.2d at 654–56.

Similar to an interlocutory appeal, the disposition of Davis's motion to reconsider was necessary to determine whether her prosecution in the subsequent action could continue. Although Davis is not to be faulted for filing that motion, neither can she receive the dual benefit of having her motion heard and then claim that the delay that ensued while that motion was pending gave rise to a speedy trial violation necessitating the dismissal of her prosecution. Thus, the delay that occurred while Davis's motion to reconsider was pending must be attributed to her and weighs against finding a speedy trial violation.

On April 19, 2004, approximately a month following the district court's denial of Davis's motion to reconsider, the state filed its information in the subsequent case. On May 4, Davis filed a motion to stay the subsequent prosecution pending the outcome of her appeal in the original action. On May 10, Davis requested that the hearing to enter her plea and argue her motion be continued. On May 24, the district court entered a not guilty plea and denied Davis's motion to stay. Davis filed a motion to dismiss the subsequent charge on June 1, and that motion was granted on June 23. Any delay in prosecuting Davis following the district court's denial of Davis's motion to reconsider the dismissal of the original charge is also attributable to Davis's actions in filing the motion to stay, requesting a continuance, and filing the motion to dismiss.

The delay beyond the original trial date for the first DUI charge was caused by the state's negligence, a reason that is weighed against the state. However, Davis must bear responsibility for the delay in her subsequent prosecution and, thus, the district court erred by attributing that delay to the state. The eight-month period in which Davis faced charges in the subsequent action weighs against finding a speedy trial violation.

### 3. Assertion of Right to Speedy Trial

The defendant's assertion of his or her right to a speedy trial is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right. *Barker,* 407 U.S. at 531–32, 92 S.Ct.at 2192–93, 33 L.Ed.2d at 117–18. Failure to assert the right will make it difficult for a defendant to prove that he or she was denied a speedy trial. *Id.* at 532, 92 S.Ct. at 2193, 33 L.Ed.2d at 117–18. In *Barker,* the Court indicated that the circumstances surrounding the defendant's failure to assert his right to a speedy trial demonstrated that the defendant did not want a speedy trial. The Court concluded that "the record strongly suggests that while [the defendant] hoped to take advantage of the delay in which he had acquiesced, and thereby obtain a dismissal of the charges, he definitely did not want to be tried." *Id.* at 535, 92 S.Ct. at 2194, 33 L.Ed.2d at 119–20.

In July 2003, Davis refused to waive her right to a speedy trial in the original action leading to its eventual dismissal without prejudice. However, Davis's subsequent prosecution was delayed because Davis's motion to reconsider the dismissal was pending before the district court. Davis failed to reassert her right to a speedy trial at any time in the subsequent action while that motion was pending. Additionally, after Davis's motion to reconsider was denied, Davis filed a motion to stay the second prosecution pending the outcome of her appeal in the original action. As in *Barker,* the record in this case demonstrates that Davis did not want a speedy trial on the subsequent charge but, instead, acquiesced to the delay in her prosecution in hopes that her motion to reconsider would be granted and the subsequent DUI charge would also be dismissed. Thus, Davis's failure to reassert her right to a speedy trial while facing the charge in second action diminished the strength to

which Davis's earlier assertion of her right to a speedy trial would otherwise be entitled. The third factor does not weigh in favor of finding a speedy trial violation.

### 4. Prejudice

The fourth factor in the *Barker* analysis is prejudice to the accused caused by the delay. The nature and extent of prejudice arising out of a delay in bringing a criminal action to trial is the most important of the *Barker* factors. *McNew*, 131 Idaho at 273, 954 P.2d at 691. Prejudice is to be assessed in light of the interests of defendants, which the right to a speedy trial is designed to protect. *Young*, 136 Idaho at 118, 29 P.3d at 954. Those interests are: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. *Barker*, 407 U.S. at 532, 92 S.Ct. at 2193, 33 L.Ed.2d at 117–18; *Young*, 136 Idaho at 118, 29 P.3d at 954. Infringement on the third interest is the most serious form of prejudice because the inability of the defendant to adequately prepare his or her case skews the fairness of the entire system. *State v. Hernandez*, 133 Idaho 576, 583, 990 P.2d 742, 749 (Ct.App. 1999).

Following Davis's release from custody after her initial arrest, she was either released on bond or her own recognizance at all times during both criminal actions. Thus, oppressive pretrial incarceration is not at issue in this case. Neither have there been any specific allegations, which demonstrate that Davis's ability to prepare her defense has been impaired. In addressing the fourth factor, the district court in the second DUI case concluded that "the length of the delay, over one year, is presumptively prejudicial." The district court found that there was no evidence that Davis faced any unusual anxiety or concern regarding the charge pending against her but that it would be natural to expect some anxiety when facing a felony DUI charge. The district court found that the case against Davis did not involve any blood alcohol concentration testing and, thus, relied heavily on the memory of the officers. The district court found that, given the

length of time that the case had been pending and that "officers who arrest drivers for suspicion of DUI arrest hundreds of drivers a year," confusion and loss of ability to recall detail were of concern. The district court then held that the state had failed to overcome the presumption of prejudice.

The presumptive prejudice, which necessitated our inquiry into the *Barker* factors, did not place a burden on the state to prove that Davis suffered no prejudice. Impairment of an accused's defense is the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony can rarely be shown. *Doggett*, 505 U.S. at 655, 112 S.Ct. at 2692–93, 120 L.Ed.2d at 530–31 . Courts cannot be sure which of the parties the delay has prejudiced more severely and, therefore, we generally have to recognize that excessive delay presumptively compromises the reliability of a trial in ways neither party can prove or, for that matter, identify. *Id.* Nevertheless, such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other criteria. *Id.* at 655–56, 112 S.Ct. at 2692–93, 120 L.Ed.2d at 530–31. Rather, it is part of the mix of relevant facts and its importance increases with the length of the delay. *Id.* at 656, 112 S.Ct. at 2693, 120 L.Ed.2d at 531. To warrant granting relief, pretrial delay caused by negligence that is unaccompanied by a showing of particularized trial prejudice must have lasted longer than a delay caused by negligence that demonstrably caused such prejudice. *Id.* at 657, 112 S.Ct. at 2693–94, 120 L.Ed.2d at 531–32. In *Doggett*, the Court granted the defendant relief despite his inability to demonstrate actual prejudice, where the government's egregious failure to prosecute spanned more than eight years. The Court held that, when negligence causes a delay six times as long as generally sufficient to trigger judicial review and when the presumption of prejudice is neither extenuated or rebutted, the defendant is entitled to relief. *Id.* at 658, 112 S.Ct. at 2694, 120 L.Ed.2d at 532–33.

In this case, the district court erred by placing a burden on the state to prove that Davis was not prejudiced by the delay in her

prosecution. Instead, the presumption of prejudice occasioned by the length of the delay, the ordinary nature of the case, and Davis's anxiety are to be balanced against the reason for the delay and Davis's assertion of her right to a speedy trial.

### 5. Balancing

■ The four foregoing factors, together with such other circumstances as may be relevant, must be weighed to determine whether there has been a violation of constitutional right to a speedy trial. *Rodriquez–Perez,* 129 Idaho at 37, 921 P.2d at 214. In this case, the delay in prosecuting the original DUI charge arose from neutral reasons, which must be weighed against the state. However, the delay in the subsequent DUI action occurred because Davis's motion to reconsider was pending before the district court and, thus, was in part attributable to Davis. Any additional lapse would be attributed to the five-month period the district court held Davis's motion under advisement. Additionally, the record demonstrates that although Davis asserted her right to a speedy trial when facing the original DUI charge, Davis acquiesced in the delay in prosecuting the subsequent DUI charge. Davis may have faced anxiety and concern while facing charges, but she has not demonstrated any impairment to her defense and was released on bond or her own recognizance while both DUI actions were pending.

Although the length of the delay gives rise to some presumed prejudice, that prejudice is of limited significance when weighed with the other factors in this case. Nearly half the delay was attributable to Davis, the length of the delay was not extraordinary, and there was no bad faith conduct on the part of the state. Additionally, Davis failed to reassert her right to a speedy trial while facing the subsequent DUI charge, she faced no oppressive pretrial incarceration, and has demonstrated no facts showing that her defense has been impaired. Weighing the conduct of Davis with that of the state, we conclude that Davis's constitutional right to a speedy trial was not violated here. Accordingly, the district court erred in granting Davis's motion to dismiss the subsequent DUI charge on speedy trial grounds.

### B. Due Process

■ In Docket No. 31000, Davis argues that, even if the district court erred in finding that her right to a speedy trial was violated, this Court should affirm the district court's order granting her motion to dismiss on due process grounds. Where a ruling in a criminal case is correct, though based upon an incorrect reason, it still may be sustained upon the proper legal theory. *State v. Pierce,* 107 Idaho 96, 102, 685 P.2d 837, 843 (Ct.App.1984).

In Docket No. 30626, Davis argues that the district court erred in denying her motion to reconsider its order dismissing the original DUI charge without prejudice. Davis contends that the original DUI charge was dismissed for the purpose of delaying the trial longer than what is allowed by statute and to permit the state to accommodate its witnesses' vacations. Davis asserts that, allowing the state to refile the DUI charge against her under those circumstances violated her right to due process of law and, therefore, the dismissal of the original DUI charge should have been with prejudice.

■ Where a defendant claims that his or her right to due process was violated, we defer to the trial court's findings of fact, if supported by substantial evidence. *State v. Smith,* 135 Idaho 712, 720, 23 P.3d 786, 794 (Ct.App.2001). However, we freely review the application of constitutional principles to those facts found. *Id.* In Idaho, the constitutional right to a speedy trial has been supplemented by legislation that sets specific time limits within which a criminal defendant must be brought to trial. *Clark,* 135 Idaho at 257, 16 P.3d at 933. Idaho Code Section 19–3501 requires a court to order that a prosecution be dismissed, unless good cause is shown, when a defendant, whose trial has not been postponed upon his or her application, is not brought to trial six months after the information is filed before the court. A dismissal granted under Section 19–3501 is not a bar to any other prosecution for the same offense if the offense is a felony. I.C. § 19–3506.

In Docket No. 30626, the state concedes that there was no good cause to justify the delay in Davis's original prosecution and that I.C. § 19–3501 required the dismissal of the original DUI charge.[1] Davis contends that, contrary to the provisions of Section 19–3506, the failure to demonstrate good cause to delay her trial longer than provided for by statute requires that the dismissal of the charge be with prejudice. Davis alleges that dismissing the charge without prejudice allowed the state to intentionally circumvent her right to a speedy trial. Thus, Davis contends that Section 19–3501 was enacted to enforce her constitutional right to a speedy trial and, because delaying her prosecution longer than permitted by statute infringed on that fundamental right, allowing the state to refile the DUI charge violated her right to due process of law.

The constitutional right to a speedy trial is a fundamental right. *State v. Avelar*, 129 Idaho 700, 703, 931 P.2d 1218, 1221 (1997). Section 19–3501 expands that right in three circumstances and provides a speedy trial guarantee above and beyond that provided by the state and federal constitutions. *Id.* As a statutory expansion of a fundamental constitutional right, the statutory right to a speedy trial is not fundamental. *Id.* Davis's statutory right to a speedy trial was implicated when the state attempted to delay her trial beyond the six-month time limit without good cause. Davis received the relief provided under Section 19–3501 and the case was dismissed. The state may have elected to not refile the charge at all or only after a period of time had passed. The constitutional speedy trial guarantee does not protect any delay in refiling criminal charges after charges have been dismissed. *See MacDonald*, 456 U.S. at 8, 102 S.Ct. at 1502, 71 L.Ed.2d at 703–04. Further, in *Barker*, the United States Supreme Court recognized that many jurisdictions establish procedural rules which dictate the time in which a defendant must be brought to trial. *Barker*, 407 U.S. at 523, 92 S.Ct. at 2188, 33 L.Ed.2d at 112–13. Nevertheless, the Court adopted a balancing test because it found "no constitutional basis for holding that the speedy trial right can be quantified into a specified number of days or months." *Id.* Accordingly, a violation of Section 19–3501 does not necessarily implicate the constitutional right to a speedy trial. Davis's contention that dismissing the charge without prejudice following a violation of Section 19–3501 necessarily infringed on her fundamental right to a speedy trial is without merit.

Further, Davis's contention that allowing the state to refile a charge alleging the same offense as the dismissed charge violated her right to due process is without support in the record. Statutes of limitation, which provide predictable, legislatively-enacted limits on prosecutorial delay, provide the primary guarantee against bringing overly stale criminal charges. *United States v. Lovasco*, 431 U.S. 783, 789, 97 S.Ct. 2044, 2048, 52 L.Ed.2d 752, 758–59 (1977). Nonetheless, statutes of limitation do not fully define a defendant's right with respect to the events occurring prior to filing criminal charges. *Id.* The Due Process Clause has a limited role to play in protecting against oppressive delay. *Id.* The filing of a subsequent criminal action following dismissal of the original criminal action after preliminary proceedings is not a per se violation of due process. *Stockwell v. State*, 98 Idaho 797, 805, 573 P.2d 116, 124 (1977). However, the dismissal and refiling of criminal complaints by the prosecutor, when done for the purpose of harassment, delay, or forum-shopping, can violate a defendant's right to due process. *State v. Bacon*, 117 Idaho 679, 683, 791 P.2d 429, 433 (1990); *Stockwell*, 98 Idaho at 806, 573 P.2d at 125. Before a due process violation can be found, the defendant must show that the preaccusation delay caused substantial prejudice to the defendant's right to a fair trial and that the delay was a deliberate device to gain an advantage over the accused. *State v. Kruse*, 100 Idaho 877, 879, 606 P.2d 981, 983 (1980); *State v. Burchard*, 123 Idaho 382, 386, 848 P.2d 440, 444 (Ct.App.1993).

1. In Docket No. 31000, the six-month time limit to bring Davis to trial was renewed upon the filing of the subsequent information in April 2004. *See State v. Horsley*, 117 Idaho 920, 926, 792 P.2d 945, 951 (1990). The district court granted Davis's motion to dismiss in June 2004. Accordingly, Davis's statutory right to a speedy trial was not implicated in Docket No. 31000.

Davis attempts to equate the absence of good cause for the delay in her original prosecution with the type of conduct that would support a due process claim. However, grounding a due process violation on the basis of a delay that was caused by conduct that was in good faith, but that was caused by inadequate, ineffective, or insufficient personnel or management, runs counter to two basic constitutional principles. *United States v. Crouch,* 84 F.3d 1497, 1512–13 (5th Cir.1996). Historically, the guarantee of due process has been applied to deliberate decisions of government officials to deprive a person of life, liberty, or property. *Id.* at 1513. Thus, the Due Process Clause is not implicated by an official's lack of due care that causes unintended injury. *Id.* The court in *Crouch* held that, for a delay in prosecution to violate the Due Process Clause, the delay must have been deliberately undertaken by the government for the purpose of gaining a tactical advantage over the accused or for another bad-faith purpose. *Id.* at 1514.

In Docket No. 30626, the district court found no evidence that the prosecution acted with a motive to delay in a substantial fashion, harass, or forum-shop. The district court indicated that the state's "rationale of 'unavailability of witnesses' under these circumstances was at best weak, is unacceptable practice and does not give rise to what this Court would consider 'good cause.'" Although the state intended to delay Davis's prosecution so that it could schedule trial for when its witnesses would not be on vacation, the state did not act with the improper motive to delay in order to gain a tactical advantage over Davis. The state's conduct in this case can be characterized as negligent or the result of poor management and falls significantly short of the type of deliberate bad-faith conduct necessary to support a due process claim.

Further, even if the state's actions had risen to the level necessary to implicate due process concerns, the district court found that Davis had not been prejudiced by the delay in her prosecution. Davis has cited to no facts that suggest that the delay in prosecuting the original DUI charge caused substantial prejudice. Thus, the district court's order dismissing the original DUI charge in Docket No. 30626 without prejudice was not error.

In Docket No. 31000, Davis's claim that her right to due process was violated parallels her argument that her due process right was violated in Docket No. 30626. However, as in the original action, the district court found that there was no evidence that the state delayed in order to gain a tactical advantage, harass, or forum-shop. Rather, the record demonstrates that the subsequent prosecution was delayed pending resolution of Davis's motion to reconsider. Additionally, to support a due process claim, it is incumbent upon a defendant to affirmatively show actual prejudice and the effect of that prejudice upon his or her ability to present a defense. *State v. Murphy,* 99 Idaho 511, 514, 584 P.2d 1236, 1239 (1978). The proof of this prejudice must be definite and not speculative. *Id.* The record in this case demonstrates no actual prejudice; any prejudice suffered by Davis would be speculative in nature. Accordingly, the district court's order granting Davis's motion to dismiss in Docket No. 31000 cannot be affirmed on the alternate theory that Davis's right to due process was violated in the subsequent DUI action.

### III.

### CONCLUSION

The district court did not err by ordering that the original DUI charge be dismissed without prejudice and, therefore, the district court's order dismissing that charge is affirmed. The district court erred when it concluded that Davis's right to a speedy trial was violated in the subsequent DUI action. We also conclude that Davis's right to due process was not violated. Therefore, the order of the district court granting Davis's motion to dismiss with prejudice is reversed.

Judge LANSING and Judge Pro Tem WALTERS concur.