IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38108

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2011 Opinion No. 64** |
| | ) | |
| **Plaintiff-Appellant-Cross Respondent,** | ) | **Filed: November 2, 2011** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **MARY SUMMERS,** | ) | |
| | ) | |
| **Defendant-Respondent-Cross Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge.

Order of the district court concluding that attempt to obtain a controlled substance by fraud is a misdemeanor, <u>reversed</u>; order denying motions to dismiss for prosecutorial misconduct, <u>affirmed</u>.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant-cross respondent.

Holland & Hart, LLP, Boise, Scott E. Randolph and Ammon R. Hansen for respondent-cross appellant.

---

SCHWARTZMAN, Judge Pro Tem

The State appeals the district court's order reducing to a misdemeanor Mary Summers' charge of attempt to obtain a controlled substance by fraud. Summers cross-appeals the district court's denial of her motions to dismiss for prosecutorial misconduct. We affirm in part and reverse in part.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Summers with the attempt to obtain a controlled substance by fraud, by altering a prescription for 40 hydrocodone to 240 hydrocodone, a violation of Idaho Code §§ 37-2734(a)(3) and 18-306. Summers moved to dismiss and/or remand to the magistrate division, claiming the charged crime was a misdemeanor, not a felony. The district court initially denied the motion, finding the charge to be a felony. Summers moved for

reconsideration and the district court granted the motion, concluding that I.C. § 18-306 was ambiguous and should be resolved in a manner favorable to the defendant. The case was then remanded to the magistrate division as a misdemeanor crime.

The State timely appealed. Summers cross-appealed, contending that the district court's decisions denying her two motions to dismiss for prosecutorial misconduct were erroneous. She alleges that at the time set for her preliminary hearing, the prosecutor misrepresented to the court that a material witness could not be subpoenaed. Summers also asserts that the prosecutor then coerced her into agreeing to a continuance of the hearing by stating that if she did not agree to one and obtained a dismissal, he would refile the charge and request a warrant for her arrest. Summers claims that the prosecutor's conduct violated her due process rights and seeks dismissal of the charge against her.

## II.

## DISCUSSION

### A.     The Attempt to Obtain a Controlled Substance by Fraud

The crime of obtaining a controlled substance by fraud, misrepresentation, forgery, deception, or subterfuge is a felony, punishable upon conviction by imprisonment for not more than four years, or by fine of not more than $30,000, or both. I.C. § 37-2734(a)(3) and (b). Because Summers was charged with an attempt and not a completed offense, her potential sentence is governed by I.C. § 18-306. The State claims the attempt to obtain a controlled substance by fraud remains a felony under the plain meaning of I.C. § 18-306(5) because the completed crime is punishable by both imprisonment (four years) and a fine ($30,000). Summers argues that I.C. § 18-306(3), making the offense a misdemeanor, should be applied because the completed crime is punishable by imprisonment for less than five years and the rule of lenity requires an ambiguous statute to be interpreted in favor of the defendant.[1]

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without

---

[1]     Summers initially contends the State waived any error by failing to preserve this issue for appeal. We find this argument to be without merit. The motion to remand the case to the magistrate division as a misdemeanor was made by the defense and specifically ruled upon and decided by the district court. As such, it is reviewable upon appeal. *See State v. DuValt*, 131 Idaho 550, 553, 961 P.2d 641, 644 (1998).

engaging in statutory construction. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction, it has the duty to ascertain the legislative intent and give effect to that intent. *Rhode*, 133 Idaho at 462, 988 P.2d at 688. To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.* It is incumbent upon a court to give a statute an interpretation which will not render it a nullity. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). Constructions of a statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004); *State v. Yager*, 139 Idaho 680, 690, 85 P.3d 656, 666 (2004).

The plain language of I.C. § 18-306 dictates that Summers' offense of attempting to obtain a prescription drug by fraud remains a felony. Attempts are governed by I.C. § 18-306, which states:

> (1) If the offense so attempted is punishable by imprisonment in the state prison for life, or by death, the person guilty of such attempt is punishable by imprisonment in the state prison for a term not exceeding fifteen (15) years.
> (2) If the offense so attempted is punishable by imprisonment in the state prison for five (5) years or more but for less than life imprisonment, or by imprisonment in the county jail, the person guilty of such attempt is punishable by imprisonment in the state prison, or in the county jail, as the case may be, for a term not exceeding one-half (1/2) the longest term of imprisonment prescribed upon a conviction of the offense so attempted.
> (3) If the offense so attempted is punishable by imprisonment in the state prison for any term less than five (5) years, the person guilty of such attempt is punishable by imprisonment in the county jail for not more than one (1) year.
> (4) If the offense so attempted is punishable by a fine, the offender convicted of such attempt is punishable by a fine not exceeding one-half (1/2) the largest fine which may be imposed upon a conviction of the offense so attempted.
> (5) If the offense so attempted is punishable by imprisonment *and* by a fine, the offender convicted of such attempt may be punished by *both* imprisonment *and* fine, not exceeding one-half (1/2) the longest term of imprisonment and one-half (1/2) the largest fine which may be imposed upon a conviction for the offense so attempted.

I.C. § 18-306 (emphasis added). Obtaining a controlled substance by fraud, a violation of I.C. § 37-2734(a)(3), is deemed "a felony" and is punishable by imprisonment for not more than four (4) years, or a fine of not more than $30,000, or both. I.C. § 37-2734(b). Because the offense is specifically punishable by *both* imprisonment in the state prison *and* a fine, the offense falls squarely within the ambit of I.C. § 18-306(5).

By a parity of reasoning, the plain language of the statute also renders I.C. § 18-306(3) inapplicable. Although the maximum term of imprisonment for the completed crime is "less than five (5) years," I.C. § 18-306(3) cannot be applied because the offense so attempted is also subject to a specific fine of $30,000.[2] The language in I.C. § 18-306(3) and (5) was drafted in 1887, and reenacted in 1972. *See* ID. REV. STAT. § 7235 (1887); 1972 Idaho Sess. Laws, ch. 336, § 1. The legislature clearly distinguished between offenses punishable by imprisonment alone and those punishable by both imprisonment and a fine. While the number of applicable offenses that fall within I.C. § 18-306(3) may have decreased since 1887, there are still several that arguably come within its ambit.[3]

**B.    Prosecutorial Misconduct**

As noted earlier, the district court also denied two motions to dismiss on the basis of prosecutorial misconduct because the court found that the misstatements did not rise to the level of bad faith and the defendant failed to show prejudice to her defense. Summers claims the prosecutorial misconduct violated her due process rights. Where a defendant claims that her right to due process was violated, we defer to the trial court's findings of fact, if supported by substantial evidence. *State v. Smith*, 135 Idaho 712, 720, 23 P.3d 786, 794 (Ct. App. 2001). However, we freely review the application of constitutional principles to those facts found. *Id.*

At the time set for a preliminary hearing the deputy prosecuting attorney requested a continuance. When asked to state his reasons, the prosecutor replied that his primary witness, a

---

[2]     Because this felony-type fine is built directly into the criminal statute itself, we need not decide what effect, if any, the enactment of I.C. § 18-112A, which authorizes a fine of up to $50,000 if the felony offense was not previously punishable by a fine, would have on our analysis. *See also* I.C. § 18-113, prescribing a $1,000 maximum fine for all misdemeanors where no other fine is provided.

[3]     *See, e.g.*, I.C. §§ 18-1601(2), compounding felony; 18-2312, aiding and abetting election offenses; and 18-6601, adultery. Interestingly enough, all of these offenses are punishable at sentencing as either a misdemeanor in the county jail or as a felony in the state prison.

doctor, was unavailable to testify. He elaborated that the doctor was out of town and the State was unable to subpoena him. He also stated he needed a continuance to obtain a transcript from an earlier hearing.[4]

Summers later discovered that the doctor had in fact been subpoenaed, but had been released therefrom by the prosecutor so that he could attend a previously scheduled out-of-state medical conference. Summers subsequently filed a motion to dismiss on the basis of this new information. No evidentiary hearing was held or requested by either party. The State did not contest the factual scenario regarding the doctor's unavailability, but never admitted to having made an intentional misrepresentation to the court. Summers contends the statement was a bad faith misrepresentation and constitutes prosecutorial misconduct.

The district court found that it was "unlikely that these 'misstatements' rose to the level of bad faith." The district court further stated that there was "insufficient evidence in the record to establish that the State's statements at the preliminary hearing were made in bad faith." The use of the word "misstatement," is illustrative of this finding. We will defer to the district court in this regard.

Summers next argues that the prosecutor coerced her into agreeing to a continuance of the preliminary hearing, claiming that she only acquiesced because the prosecutor threatened to obtain a warrant for her arrest if the case was dismissed. She contends that the misconduct amounted to a violation of her due process rights. The filing of a subsequent criminal action following the dismissal of the original criminal action after a preliminary hearing is not a per se violation of due process. *Stockwell v. State*, 98 Idaho 797, 805, 573 P.2d 116, 124 (1977); *State v. Davis*, 141 Idaho 828, 842 118 P.3d 160, 174 (Ct. App. 2005). A prosecutor has the right to simply refile a complaint. *State v. Ruiz*, 106 Idaho 336, 337, 678 P.2d 1109, 1110 (1984). However, dismissal and refiling of a criminal complaint by the prosecutor, when done for the purpose of harassment or delay, can violate a defendant's right to due process. *State v. Bacon*, 117 Idaho 679, 683, 791 P.2d 429, 433 (1990); *Davis*, 141 Idaho at 842, 118 P.3d at 174. Before a due process violation can be found, the defendant must show that the delay caused substantial prejudice to the defendant's right to a fair trial and that the delay was a deliberate device to gain

---

[4]     The prosecutor failed to file a request for the transcript until the day before the scheduled preliminary hearing.

an advantage over the accused. *State v. Kruse*, 100 Idaho 877, 879, 606 P.2d 981, 983 (1980); *Davis*, 141 Idaho at 842 118 P.3d at 174.

In the present case, Summers has failed to make any showing that the delay impaired her ability to receive a fair trial and was a deliberate device to gain an advantage over her. Summers only claims damage to her career and personal suffering, a result of the charge and the anxiety that accompany it. We agree with the district court that these types of prejudices are not violations of Summers' due process rights.[5]

### III.

### CONCLUSION

The plain wording of I.C. § 18-306 is not ambiguous and should be read in a manner to give effect to all its sections. Thus, I.C. § 18-306(5) applies to attempts to obtain a controlled substance by fraud because the completed offense is punishable by both a fine and imprisonment in the state prison. As such, the district court's order to remand to the magistrate division must be reversed. Summers has failed to demonstrate that her due process rights were violated by the prosecutor's conduct. Therefore, the district court's order denying the motions to dismiss on the basis of prosecutorial misconduct is affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**

---

[5] Although this Court does not find a due process violation, we certainly do not condone the prosecutor's conduct during the course of these proceedings.