**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46103**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 5, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| GAYLON EUGENE LORDS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Bruce L. Pickett, District Judge.

Order dismissing complaint without prejudice, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

————————————————————

LORELLO, Judge

Gaylon Eugene Lords appeals from the district court's order dismissing a complaint charging him with felony driving under the influence (DUI). Lords asserts the district court abused its discretion and violated his due process rights by dismissing his case without prejudice rather than with prejudice. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Lords with felony DUI, alleging both the impairment and per se theories of liability. Lords requested and received two continuances in order to obtain medical and jail records. Lords waived his speedy trial rights in conjunction with his requests for a continuance. The State subsequently filed a motion in limine to exclude evidence of Lords'

1

medical records or any uncertainty related to the breathalyzer test results. Lords objected to the motion arguing that, because the State alleged an impairment theory, he was entitled to present the evidence the State was seeking to exclude. In response, the State indicated it would amend the information to allege only the per se theory of liability, i.e., that Lords drove with a blood alcohol concentration of .08 or more. The State amended the information accordingly.

Six days before trial, the State filed a motion for continuance in order to "provide expert witness disclosure regarding the breath test in this case." At a hearing on the motion, the prosecutor explained that, while preparing for trial, he noticed "some issues with standard operating procedures" in relation to the breathalyzer machine, which could be cured with expert testimony. In order to address those issues, the State requested a continuance to allow proper disclosure of the expert. Lords objected and the district court denied the State's motion to continue. The same day, the State filed a motion to dismiss pursuant to Idaho Criminal Rules 47 and 48. Lords objected to dismissing the case without prejudice. The district court granted the State's motion and dismissed the case without prejudice. Lords appeals.

## II.

## STANDARD OF REVIEW

The granting or denying of a motion to dismiss under I.C.R. 48 is reviewed for an abuse of discretion. *State v. Martinez-Gonzalez*, 152 Idaho 775, 778, 275 P.3d 1, 4 (Ct. App. 2012); *State v. Dixon*, 140 Idaho 301, 304, 92 P.3d 551, 554 (Ct. App. 2004). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Where a defendant claims that his or her right to due process was violated, we defer to the trial court's findings of fact, if supported by substantial evidence. *State v. Smith*, 135 Idaho 712, 720, 23 P.3d 786, 794 (Ct. App. 2001). However, we freely review the application of constitutional principles to those facts found. *Id.*

## III.

## ANALYSIS

Lords asserts that the district court abused its discretion by dismissing his case without prejudice rather than with prejudice. Lords also asserts that dismissal without prejudice violated his due process rights. The State responds that Lords has failed to show either an abuse of discretion or a constitutional violation. We hold that Lords has failed to show the district court abused its discretion or violated Lords' due process rights by dismissing the criminal charge against Lords without prejudice.

### A.    Idaho Criminal Rule 48

After the district court denied the State's motion to continue to allow it additional time to disclose an expert witness in order to meet its burden of proving that Lords drove under the influence, the State filed a motion to dismiss pursuant to I.C.R. 48. Idaho Criminal Rule 48(a)(2) authorizes dismissal of a criminal case if the court concludes that dismissal will serve the ends of justice and the effective administration of the court's business. Although an order for dismissal precludes refiling if the charge is a misdemeanor, an order for dismissal does not bar further prosecution if the charged offense is a felony. I.C.R. 48(c). Because the charge against Lords was a felony, I.C.R. 48 did not require dismissal with prejudice and the district court concluded that dismissal without prejudice would serve the ends of justice and the effective administration of the court's business.

Lords argues that the district court's dismissal decision constitutes an abuse of discretion because the State sought dismissal "to circumvent" the order denying its request for a continuance. That the State sought dismissal because its motion to continue was denied is not disputed. However, seeking dismissal of a charge without prejudice because a motion to continue has been denied is not per se impermissible, nor does granting such a request constitute an abuse of discretion. *See State v. Huntsman*, 146 Idaho 580, 584, 199 P.3d 155, 159 (Ct. App. 2008); *State v. Davis*, 141 Idaho 828, 842, 118 P.3d 160, 174 (Ct. App. 2005). In this case, Lords has failed to show the district court abused its discretion.

In reaching its decision, the district court correctly perceived the issue as one of discretion and acted within the boundaries of the discretion afforded by I.C.R. 48. As to prong three of the abuse of discretion standard, Lords has failed to identify any applicable law that

3

foreclosed the district court's decision. Lords' argument appears to be that the district court failed to exercise reason because, he contends, the State engaged in a "scheme to avoid complying with a court order," "inexcusably failed to disclose the expert witness it later deemed necessary," and "then improperly attempted to avoid the consequences of its inattention by filing a motion to dismiss without prejudice." However, the district court made contrary findings. The district court concluded that dismissal without prejudice was appropriate because, although the reason the State sought dismissal was because it needed to disclose an expert for trial, the lack of preparation was "not the result of bad faith and was not deliberate or intentional." Rather, the lack of preparation was "the result of inexperience and/or inadvertence." That Lords' "trial strategy" would be "compromised" by expert testimony introduced by the State does not mean dismissal without prejudice did not serve the ends of justice and the effective administration of the court's business. Lords has failed to show the district court abused its discretion by granting the State's motion to dismiss without prejudice.

**B.     Due Process**

Lords' related constitutional claim is that his due process rights were also violated based on the dismissal without prejudice because the State sought dismissal in "bad faith." Lords' constitutional argument fails. The dismissal and refiling of criminal complaints can violate due process if done for the purpose of harassment, delay, or forum-shopping. *Davis*, 141 Idaho at 842, 118 P.3d at 174. However, because an order of dismissal is a final appealable order, a defendant must seek review of that order even absent refiled charges. *See Huntsman*, 146 Idaho at 584, 199 P.3d at 159. Conduct that can be characterized as negligent or the result of poor management falls significantly short of the type of deliberate bad faith conduct necessary to support a due process claim. *See Davis*, 141 Idaho at 843, 118 P.3d at 175. To support a due process claim, it is incumbent upon the defendant to affirmatively show actual prejudice and the effect of that prejudice upon his or her ability to present a defense. *Id.* The proof of prejudice must be definite and not speculative. *Id.*

As previously noted, the district court found that the State did *not* engage in bad faith in seeking dismissal without prejudice and that finding is supported by the record. The district court's conclusion that dismissal without prejudice was appropriate is also supported by law. *See id.* Regarding prejudice, Lords has cited none in the context of his due process claim. To

the extent Lords claims prejudice based on the "tactical advantage" the State would gain by having the ability to present expert testimony at any trial following refiling the charge, this claimed prejudice is inadequate to establish a due process violation. If presenting evidence that the State would not otherwise be able to present were sufficient to show prejudice, any dismissal on this basis would violate due process. That is not the law. *See State v. Averett*, 142 Idaho 879, 885, 136 P.3d 350, 356 (Ct. App. 2006) (concluding new evidence constitutes sufficient basis to dismiss and refile charges). Lords has failed to establish any due process violation resulting from the district court's decision granting the State's motion to dismiss without prejudice.

## IV.

## CONCLUSION

Lords has failed to show the district court abused its discretion or violated his due process rights by dismissing his case without prejudice. Accordingly, the district court's order dismissing the complaint without prejudice is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.