160 P.3d 1284

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Miguel Angel LOPEZ, Defendant–Appellant.**

**No. 32757.**

Court of Appeals of Idaho.

May 16, 2007.

Molly J. Huskey, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daniel W. Bower, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Miguel Angel Lopez appeals from the district court's order denying his motion to dismiss this case for alleged violation of his rights to a speedy trial under the United States and Idaho Constitutions. We affirm.

## I.

### BACKGROUND

In May of 2004, Lopez was charged with three felonies. In October 2004, defense counsel indicated to the district court that Lopez would waive his right to a speedy trial. The district court rescheduled the trial several times due to a congested court calendar. Ultimately, Lopez's trial was given a first-priority setting for October 2005. Two days before trial, Lopez filed a motion to dismiss for violation of his constitutional right to a speedy trial. The district court denied the motion. Lopez then entered conditional guilty pleas, reserving the right to appeal the denial of his motion.

## II.

### ANALYSIS

#### A. Waiver

We address first the State's contention that because Lopez's counsel waived his right to a speedy trial at a hearing before the district court, Lopez was precluded from later claiming a deprivation of that right. The State bases its argument on a notation found in the district court's minute entry for an October 8, 2004 status conference. The minute entry indicates that Lopez was not present and states that defense counsel "advised the Court that his client would waive speedy trial." The prosecutor mentioned this waiver at the hearing on Lopez's motion to dismiss, but the prosecutor presented no evidence that Lopez had authorized defense counsel to enter a waiver on his behalf, and the prosecutor did not ask the district court to hold that the motion was barred because of the waiver. Instead, after noting that no written waiver had been filed, the prosecutor asked the district court to consider the waiver as a factor to be applied against Lopez in determining the reason for the delays in bringing the case to trial. Specifically, the prosecutor argued that defense counsel's representations lulled the court into giving the case low priority trial settings behind other cases. In accord with the prosecutor's argument, the district court made no findings as to whether the waiver was authorized and referenced

the oral waiver for the sole purpose of attributing some of the delay in the case to Lopez.

■ A waiver is a voluntary relinquishment or abandonment of a known right or privilege, and courts should indulge every reasonable presumption against waiver. *Barker v. Wingo,* 407 U.S. 514, 525, 92 S.Ct. 2182, 2189, 33 L.Ed.2d 101, 114 (1972). Therefore, although an unequivocal written waiver of speedy trial signed by a defendant is dispositive of a later motion to dismiss on this basis, *State v. Youngblood,* 117 Idaho 160, 162, 786 P.2d 551, 553 (1990), this Court has held that "[t]he unauthorized representations of defense counsel do not constitute a waiver of [a defendant's] rights that would preclude [a defendant] from later asserting a violation of his right to a speedy trial." *State v. Beck,* 128 Idaho 416, 419, 913 P.2d 1186, 1189 (Ct.App.1996). *See also State v. Stuart,* 113 Idaho 494, 496–97, 745 P.2d 1115, 1117–18 (Ct.App.1987). Instead, a defense attorney's unauthorized representation that his client will waive speedy trial rights is applied as a factor, in appropriate circumstances, to be weighed against the defendant in determining the causes of the delay. *Beck,* 128 Idaho at 419–20, 913 P.2d at 1189–90. That is precisely what the district court was asked to do, and did, in ruling on the present motion. In the record presented on appeal, the State has not shown the scope of Lopez's waiver or that Lopez authorized defense counsel to enter it. Consequently, we will address Lopez's speedy trial issue on the merits.

## B. Speedy Trial

■ Whether there was an infringement of a defendant's right to a speedy trial presents a mixed question of law and fact. *State v. Clark,* 135 Idaho 255, 257, 16 P.3d 931, 933 (2000). We will defer to the trial court's findings of fact if they are supported by substantial and competent evidence and will exercise free review of the trial court's conclusions of law. *Id.*

■ Both the Sixth Amendment to the United States Constitution and Article 1, § 13, of the Idaho Constitution guarantee to criminal defendants the right to a speedy trial. The speedy trial guarantees are designed to minimize the possibility of lengthy incarceration prior to trial; to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail; and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges. *United States v. Loud Hawk,* 474 U.S. 302, 311, 106 S.Ct. 648, 654, 88 L.Ed.2d 640, 651 (1986); *United States v. MacDonald,* 456 U.S. 1, 8, 102 S.Ct. 1497, 1502, 71 L.Ed.2d 696, 704 (1982).

■ In *Barker,* the United States Supreme Court adopted a four-part balancing test to determine whether a defendant's Sixth Amendment speedy trial right has been infringed. The four factors to be balanced are (1) the length of the delay, (2) the reason for the delay, (3) the assertion of the right to a speedy trial, and (4) the prejudice to the accused. *Barker,* 407 U.S. at 530, 92 S.Ct. at 2191, 33 L.Ed.2d at 116. We utilize the same test for speedy trial claims under our state constitution. *State v. Young,* 136 Idaho 113, 117, 29 P.3d 949, 953 (2001); *State v. Lindsay,* 96 Idaho 474, 531 P.2d 236 (1975).

### 1. Length of the delay

■ The first factor, the length of the delay, is initially a triggering mechanism. *Young,* 136 Idaho at 117, 29 P.3d at 953. Until there is some delay which is presumptively prejudicial, it is unnecessary to inquire into the other three factors. *Id.* Under the Sixth Amendment, the period of delay is measured from the date there is "a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge." *United States v. Marion,* 404 U.S. 307, 320, 92 S.Ct. 455, 463, 30 L.Ed.2d 468, 479 (1971); *Young,* 136 Idaho at 117, 29 P.3d at 953. The Idaho Supreme Court has held that for cases prosecuted in state courts, the filing of a complaint constitutes a formal charge that begins the time computation for Sixth Amendment purposes. *State v. Russell,* 108 Idaho 58, 62, 696 P.2d 909, 913 (1985); *Lindsay,* 96 Idaho at 476, 531 P.2d at 238. *See also Young,* 136 Idaho at 117, 29 P.3d at 953. Similarly, under the Idaho Constitution, the period of

delay is measured from the date formal charges are filed or the defendant is arrested, whichever occurs first. *Id.; State v. Stuart,* 110 Idaho 163, 173, 715 P.2d 833, 843 (1985).

Lopez's first formal charge was brought by complaint on May 10, 2004, and he was under arrest on that date. The complaint was amended on May 20, 2004, and on May 28, 2004, to allege additional charges. For analysis of Lopez's claim, we will begin measuring from May 10, 2004, when the first formal charge was filed.

■ *Barker's* four-part speedy trial test creates no bright line boundaries. Rather, the Supreme Court pointed out that because of the imprecision of the right to a speedy trial, the length of delay that will provoke an inquiry into whether those rights have been violated is necessarily dependent upon the peculiar circumstances of the case. *Barker,* 407 U.S. at 530–31, 92 S.Ct. at 2191–92, 33 L.Ed.2d at 116–17. The nature of the case is also of import in determining the period of delay that can be tolerated, for the period that is reasonable for prosecution of an ordinary street crime is considerably less than for a complex conspiracy charge. *Barker,* 407 U.S. at 531, 92 S.Ct. at 2192, 33 L.Ed.2d at 117; *State v. Davis,* 141 Idaho 828, 837, 118 P.3d 160, 169 (Ct.App.2005); *State v. McNew,* 131 Idaho 268, 272, 954 P.2d 686, 690 (Ct.App.1998).

■ Here, the delay was sufficient to trigger inquiry. The nature of the charges Lopez was facing, two counts of grand theft and one of burglary, cannot be characterized as complex, for all three stemmed from items alleged to have been taken by Lopez during a single burglary with one accomplice. Our Supreme Court has held that a delay of fourteen months in a drug delivery case is sufficient to trigger a constitutional speedy trial inquiry. *Lindsay,* 96 Idaho at 476, 531 P.2d at 238. Similarly, this Court has held that a delay of one year in a robbery case is presumptively prejudicial, *see State v. Campbell,* 104 Idaho 705, 708, 662 P.2d 1149, 1152 (Ct.App.1983), and that a delay of over thirteen months was sufficient to trigger analysis in a complex conspiracy case. *See State v. Rodriquez–Perez,* 129 Idaho 29, 34, 921 P.2d

206, 211 (Ct.App.1996). Here, the delay was nearly seventeen months. That period is long enough to be presumptively prejudicial and therefore provoke an inquiry into whether Lopez's constitutional speedy trial rights were violated.

Once the balancing test is triggered, the length of the delay also becomes a factor in the balancing itself. *State v. Avila,* 143 Idaho 849, 853, 153 P.3d 1195, 1199 (Ct.App. 2006). The district court held that under the circumstances here, it would ascribe heavy weight to the delay. We agree. A delay of seventeen months, while this case largely languished in inactivity, is unreasonable; the record on appeal shows no difficulty with complexity of investigation, lost witnesses, trouble marshalling evidence, or any other mitigating circumstance justifying the delay. The length of delay therefore weighs significantly in favor of Lopez in balancing the speedy trial factors.

### 2. The defendant's assertion of his speedy trial rights

Lopez did not assert his right to speedy trial until he filed his motion to dismiss on October 4, 2005, two days before the date ultimately set for trial. He at no time requested a more expeditious trial. The lateness of Lopez's assertion of his speedy trial right weighs heavily against his contention that the right was violated. *See Rodriquez–Perez,* 129 Idaho at 37, 921 P.2d at 214; *Beck,* 128 Idaho at 421, 913 P.2d at 1191. That is, the timing of a defendant's assertion of the right tends to disclose whether a defendant actually desired a speedy trial, *State v. Holtslander,* 102 Idaho 306, 312, 629 P.2d 702, 708 (1981), and is closely related to and affects other *Barker* factors, including prejudice and reasons for the delay. *Beck,* 128 Idaho at 421, 913 P.2d at 1191. Here, the late assertion of the right weighs significantly against Lopez in balancing the speedy trial factors.

### 3. Reasons for the delay

The record on appeal relevant to reasons for the delay consists primarily of sparse minute entries. The record shows that Lo-

pez was arraigned on August 27, 2004. On Lopez's motion, his entry of plea was delayed until September 17, 2004, at which time he entered a plea of not guilty. From this point forward, it appears that none of the delay was caused by motions brought by the parties. Initially, the district court did not set a trial date, but instead scheduled a status hearing for October 8, 2004. At that hearing, Lopez's attorney also "advised the Court that his client would waive speedy trial." The trial was then set for February 22, 2005. Apparently because this case was double set with another, higher priority case, the trial did not occur on the date scheduled. The district court reset trial for April 20, 2005 on a sixth place setting. Both parties were prepared for trial, but again it did not occur. On April 22, 2005, the district court set trial for July 18, 2005 as a second-place setting. That date was apparently vacated because, at a May 5, 2005 hearing, "it was decided to set this matter for a Change of Plea." This never occurred, however. On July 14, 2005, the district court reset trial for October 6, 2005, as a first place setting. On October 4, 2005, Lopez filed his dismissal motion.

In opposing the motion, the State argued that it was not to blame for any of the delay. The district court apparently accepted the State's position, holding that the court's overcrowded calendar was a neutral factor that would not be weighed against either party. The district court erred in this conclusion of law. The duty to bring a defendant to trial lies with the State, not the defendant. *Barker*, 407 U.S. at 527, 92 S.Ct. at 2190, 33 L.Ed.2d at 114–15; *Davis*, 141 Idaho at 838, 118 P.3d at 170. *State v. Hobson*, 99 Idaho 200, 202, 579 P.2d 697, 699 (1978). The prosecution and the trial court have the primary burden to ensure that cases are brought to trial in a timely manner. *Barker*, 407 U.S. at 529, 92 S.Ct. at 2191, 33 L.Ed.2d at 116. The United States Supreme Court noted in *Barker* that although an overcrowded court calendar is a "more neutral" reason for trial delay than is a deliberate attempt by the State to delay the trial in

order to hamper the defense, and therefore should be weighed less heavily, it nevertheless should be considered because the ultimate responsibility for such circumstances must rest with the State rather than with the defendant. *Barker*, 407 U.S. at 531, 92 S.Ct. at 2192, 33 L.Ed.2d at 117; *Davis*, 141 Idaho at 837, 118 P.3d at 169.[1]

Here, there is no evidence that the prosecution delayed trial in order to hamper the defense; rather, the record shows that the prosecution was consistently prepared to go to trial on the dates scheduled. Nonetheless, because it is the responsibility of the prosecution and the trial court, together viewed as the State, to try a defendant in a timely manner, some of the responsibility for the delay in bringing the case to trial must rest with the State.

That being said, Lopez shares in responsibility for the delay. Early on in the proceedings, his attorney indicated that Lopez would be willing to waive his speedy trial right. This representation led the district court to give the case a low priority setting, thereby causing the trial to be repeatedly postponed in favor of trials with a higher priority setting. Lopez could have demanded a speedy trial during this process, but did not do so, instead acquiescing in low-priority settings. As the district court found, with the circumstances viewed as a whole, the parties share responsibility for the delay.

### 4. Prejudice

The fourth factor in the *Barker* analysis is prejudice to the accused caused by the delay. The nature and extent of prejudice is the most important of the *Barker* factors. *McNew*, 131 Idaho at 273, 954 P.2d at 691. Prejudice is to be assessed in light of the interests that the right to a speedy trial is designed to protect: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. *Barker*, 407 U.S. at 532, 92

---

1. *See also State v. Clark*, 135 Idaho 255, 261, 16 P.3d 931, 937 (2000) (clarifying the law by adopting this same analysis in analyzing "good cause" for delay under Idaho's speedy trial statute, I.C. § 19–3501). *Compare State v. Sindak*, 116 Idaho 185, 187, 774 P.2d 895, 897 (1989) and *Russell*, 108 Idaho at 61–62, 696 P.2d at 912–13.

S.Ct. at 2193, 33 L.Ed.2d at 117–18; *Young,* 136 Idaho at 118, 29 P.3d at 954. The third of these is the most significant because a hindrance to adequate preparation of the defense "skews the fairness of the entire system." *Barker,* 407 U.S. at 532, 92 S.Ct. at 2193, 33 L.Ed.2d at 118. *See also State v. Hernandez,* 133 Idaho 576, 583, 990 P.2d 742, 749 (Ct.App.1999).

Here, Lopez was initially incarcerated as of May 10, 2004, but was released on recognizance on September 2, 2004. Thus, "oppressive" pretrial incarceration is not at issue in this case. *Davis,* 141 Idaho at 840, 118 P.3d at 172. Lopez presented no evidence of his anxiety or concern about the outstanding charges. He asserts that his defense was impaired, but as the district court found, there is no evidence that the delay of trial caused any such impairment. Thus, the prejudice factor does not weigh in favor of dismissal.

### 5. Balancing

With respect to the balancing of the foregoing factors, in *Barker* the United States Supreme Court explained:

> We regard none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process.

*Barker,* 407 U.S. at 533, 92 S.Ct. at 2193, 33 L.Ed.2d at 118.

This balancing process is committed, in the first instance, to the trial court. Here the district court carefully weighed the factors and concluded that the balance tipped against a determination that Lopez's speedy trial rights were violated. We find no error in this decision. Although the prosecution and the district court could have been more diligent in ensuring an earlier trial date, Lopez contributed in some measure to the delay by indicating that he would waive his speedy trial rights at an early point in the proceedings and by failing to demand a prompt trial at any time thereafter. In addition, any prejudice was slight. In these circumstances, we conclude that the district court properly held that dismissal of the charges was not warranted.

### III.

### CONCLUSION

The district court's order denying the defendant's motion to dismiss is affirmed.

Chief Judge PERRY and Judge GUTIERREZ concur.