**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47718**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **Filed: May 6, 2021** |
| Plaintiff-Respondent, ) | |
| ) | **Melanie Gagnepain, Clerk** |
| v. ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| LARRY RAY HALBERT, ) | **OPINION AND SHALL NOT** |
| ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. Rosemary Emory, District Judge.

Order denying motion to dismiss, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

HUSKEY, Chief Judge

Larry Ray Halbert appeals from his judgment of conviction for felony driving under the influence of alcohol (two or more within ten years) (DUI), Idaho Code §§ 18-8004, 18-8005(6), and vehicular manslaughter, I.C. § 18-4006(3)(b), challenging the district court's order denying his motion to dismiss. Halbert argues the district court erred when it denied his motion to dismiss because the seventeen-month delay between the filing of the complaint and the filing of the motion to dismiss violated his federal and state constitutional rights to a speedy trial. Because Halbert has failed to demonstrate a violation of his right to speedy trial, the district court did not err in denying the motion to dismiss. Accordingly, the district court's order denying the motion to dismiss is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

1

In December 2017, Halbert was in a head-on collision. According to police reports, Halbert was driving with a blood alcohol concentration of .259, crossed the center line, and crashed head-on into a car. Due to the impact of the collision, the other driver died from her injuries. Halbert was extricated from his car and immediately transported to the hospital. Halbert had open fractures in both legs and underwent emergency surgery that night. Halbert was later discharged from the hospital and then was arrested pursuant to a parole commission warrant for a previous DUI conviction.

On March 21, 2018, an arrest warrant was issued, and on March 23, the State filed a two-part criminal complaint: part I alleged one count of DUI and one count of vehicular manslaughter, and part II alleged Halbert had two prior felony DUI convictions. Over the next year, Halbert received significant, on-going medical treatment while in the custody of the Idaho Department of Correction (IDOC). After approximately a year of medical treatment, Halbert was transported back to the county jail on February 15, 2019, where he was served with the warrant that was issued on March 21, 2018.

Halbert's initial appearance before the magistrate court took place on February 19, 2019, and the magistrate court set the preliminary hearing for February 28, 2019. Thereafter, several court proceedings were vacated or rescheduled to accommodate Halbert's medical treatment. For example, pursuant to Halbert's motions, the February 28, 2019, preliminary hearing was rescheduled for March 14, 2019, and then for May 2, 2019. On April 24, 2019, Halbert waived the preliminary hearing, and the court set his arraignment for May 6, 2019. Similarly, Halbert's arraignment was rescheduled from May 6, 2019, to April 29, 2019, so that Halbert could be transported back to Idaho State Correction Institute (ISCI) for treatment. Following Halbert's not guilty plea to the two-part information charging him with felony DUI and vehicular manslaughter, and alleging that Halbert had two prior felony DUIs, trial was set for September 24, 2019. Later, Halbert moved to vacate the August 5, 2019 status conference because he was scheduled to undergo surgery the following week to repair the remaining damage to his legs. The district court granted the motion and reset the conference for August 26, 2019.

On August 5, Halbert filed a motion to dismiss the case, arguing that his statutory and constitutional speedy trial rights had been violated. Halbert argued that his rights were violated insofar as he was "accused" by the filing of the criminal complaint on March 23, 2018, but was not arraigned until February 2019. Halbert asserted that the almost one-year delay between the

2

filing of the warrant and complaint and the State's execution of the warrant and commencement of the trial process was highly prejudicial to his case. Halbert claimed he suffered prejudice as a result of the delay because:

> The State has had over a year to build its case against Mr. Halbert. Now, Mr. Halbert must contact witnesses, gather evidence, and attempt to recall facts, times, places and people more than one [year] after the incident; this puts Mr. Halbert at a significant disadvantage and is highly prejudicial to his case.

The State filed a response, arguing that Halbert's statutory and constitutional rights to a speedy trial had not been violated. While the motion to dismiss was pending, the State also filed an amended information part I, alleging Halbert committed felony DUI and vehicular manslaughter; part II, alleging two prior felony DUIs; and part III, alleging Halbert was a persistent violator.

The district court held an evidentiary hearing on the motion to dismiss and concluded that Halbert failed to show any statutory or constitutional speedy trial violations and denied the motion. Regarding the alleged constitutional violation, the district court stated:

> The State concedes that the length of the delay in this case triggers a balancing test under *Barker v. Wingo*. . . .
> The balancing test has the court weigh the length of the delay, the reason for the delay, the defendant's assertion of his right to a speedy trial, and the prejudice alleged by the defendant.
> In this case there has been a delay. The Complaint was filed March 23rd of 2018. The defendant testified that he was given a copy of the Complaint and Warrant in June of 2018, but the record shows that that Warrant was not served until February of 2019.
> The reason for the delay includes times where the defendant has either stipulated or requested continuances. Those are the requests for the preliminary hearings to be continued, the request for a delay in arraignment. The defendant specifically also requested that he be transported back to the Department of Corrections for medical treatment.
> In addition to those requests for continuances, the reason for the delay as set forth by the State is for necessary medical treatment of the defendant. And I think in addition to that assertion, the fact that the defendant himself requested to be transported to the Department of Corrections for treatment and also requested continuances of his own are to be placed upon the defendant as reasons for delay in this case.
> The defendant's assertion of the right to a speedy trial was not made until August 5th of 2019, a significant amount of time since the case was filed. The prejudice that is alleged by the defendant is speculative at best in this case. No specific prejudice has been alleged by the defendant.

In a subsequent written decision, the district court again found no violation of Halbert's statutory or constitutional rights to a speedy trial. The district court concluded that Halbert's

3

statutory right to a speedy trial was not violated, as the trial was set to begin approximately five months after Halbert's arraignment, which was well within the time frame set forth in I.C. § 19-3501(2).

With regard to Halbert's constitutional rights to a speedy trial, the district court applied the balancing test set forth in *Barker v. Wingo*, 407 U.S. 514 (1972) weighing: (1) the length of delay; (2) the reason for the delay; (3) whether the defendant asserted the right to a speedy trial; and (4) the prejudice to the defendant. Beginning with the first factor, the district court found that the seventeen-month delay between the filing of the complaint and the motion to dismiss was a presumptively prejudicial delay, sufficient to trigger further scrutiny under the remaining *Barker* factors. Second, looking at the reason for the delay, the district court found that the initial thirteen-month delay, during which Halbert received medical treatment for his injuries resulting from the car crash, was neutral. The district court explained:

> Without question, Defendant was severely injured after the car accident and the level of care required to treat the injuries from the automobile accident were outside of that normally provided at the Jerome County Jail. Furthermore, providing this level of care to the Defendant would have constituted a financial hardship for Jerome County, and the task of transporting Defendant to surgeons, physical therapists, radiologists and other medical providers after the accident would have posed a host of logistical difficulties for the Jerome County Jail. Thus, the State's decision to delay transporting the Defendant to Jerome County for the first 13-months after the Criminal Complaint was filed constituted a legitimate reason not to move the case forward. The Court also finds that this constitutes good cause for delaying the case. Indeed, IDOC is better suited to provide this level of acute care to inmates in Defendant's condition and there can certainly be considerable value in having continuity of care in the same facility with the same providers. However, Jerome County has the duty to provide reasonable medical care for inmates in their custody, and this factor should not weigh against Defendant in this analysis as it was Jerome County's conscious decision to delay transporting him from IDOC on account of his medical condition. Because the State's initial reason for delay was legitimate and is not attributed directly to Defendant, the Court finds the initial 13-month delay to be neutral in this analysis.

The district court found the remaining four-month delay was attributable to, agreed to, or acquiesced to by Halbert, as he filed multiple motions to continue, waived the preliminary hearing, and vacated the status conference in order to leave Jerome County and continue his medical treatment at ISCI.

Third, the district court found that Halbert did not request a speedy trial before he submitted his motion to dismiss on August 5, 2019. The district court concluded that Halbert's failure to

4

assert his right to a speedy trial at an earlier date weighed against finding a speedy trial violation. Fourth, the district court found that Halbert failed to show that he suffered meaningful or specific prejudice by the State's delay in bringing the case to trial. The district court noted that Halbert's pretrial incarceration stemmed from the revocation of his parole in a separate criminal case. Accordingly, the district court concluded that Halbert faced no additional risk of being subjected to oppressive pretrial incarceration. The district court also found that Halbert did not demonstrate that his anxiety or concern was heightened by the delay. The district court concluded that the additional time the State had to collect evidence and prepare for trial did not constitute substantial prejudice, as the State could have legally filed the criminal complaint and arrest warrant up to four years and 364 days from the date of the car crash and Halbert would have faced the same potential disadvantages and prejudice he articulated in his motion to dismiss. Balancing the four *Barker* factors, the district court found that Halbert's right to a speedy trial was not violated, and the court denied the motion to dismiss.

Pursuant to a plea agreement, the State withdrew its amended information and the persistent violator enhancement and Halbert pleaded guilty to felony DUI and felony vehicular manslaughter, reserving his right to appeal the denial of his motion to dismiss. The district court imposed a determinate fifteen-year sentence for the vehicular manslaughter charge, and a unified sentence of ten years, with one year determinate, for the DUI charge, to be served consecutively. Halbert timely appeals.

## II.
## STANDARD OF REVIEW

Whether there was an infringement of a defendant's right to speedy trial presents a mixed question of law and fact. *State v. Clark*, 135 Idaho 255, 257, 16 P.3d 931, 933 (2000). We will defer to the trial court's findings of fact if supported by substantial and competent evidence; however, we will exercise free review of the trial court's conclusions of law. *Id.*

When analyzing claims of speedy trial violations under the state and federal constitutions, the Idaho appellate courts utilize the four-part balancing test set forth by the United States Supreme Court in *Barker*. *State v. Young*, 136 Idaho 113, 117, 29 P.3d 949, 953 (2001). The factors to be considered are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his or her right to a speedy trial; and (4) the prejudice occasioned by the delay. *Barker*, 407 U.S. at 530. None of the four *Barker* factors is, by itself, "either a necessary or sufficient

5

condition to the finding of a deprivation of the right of speedy trial." *Moore v. Arizona*, 414 U.S. 25, 26 (1973). If the reason for the delay is sufficient, these factors are not needed; if the reason for the delay is insufficient, the other factors will not avail to avoid dismissal. *Clark*, 135 Idaho at 260, 16 P.3d at 936.

## III.

## ANALYSIS

Halbert asserts that the district court erred in denying his motion to dismiss for violating his right to a speedy trial under the Idaho and United States Constitutions.[1] Halbert does not challenge the district court's factual findings; instead, he argues that the district court erred in determining that Halbert's assertion of speedy trial right was untimely and that Halbert failed to show that he suffered prejudice as a result of the delay. In response, the State asserts that Halbert has failed to show reversible error.

### A.    Length of Delay

The first factor, the length of the delay, is a triggering mechanism. *Young*, 136 Idaho at 117, 29 P.3d at 953. Until there is some delay which is presumptively prejudicial, it is unnecessary to inquire into the other three factors. *Id.* Under the Sixth Amendment, the period of delay is measured from the date there is "a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge." *United States v. Marion*, 404 U.S. 307, 320 (1971); *Young*, 136 Idaho at 117, 29 P.3d at 953. The Idaho Supreme Court has held that, for cases prosecuted in state courts, either the filing of formal charges or an arrest begins the time computation for Sixth Amendment purposes. *Young*, 136 Idaho at 117, 29 P.3d at 953. A filed complaint constitutes formal charges. *Id.*

The criminal complaint charging Halbert with DUI was filed on March 23, 2018, and Halbert's motion to dismiss was filed on August 5, 2019. The State conceded, and the district court found, that the seventeen-month delay was sufficient to trigger analysis of the remaining *Barker* factors. On appeal, Halbert and the State agree that the delay is sufficient to trigger a full examination of the *Barker* factors. *See State v. Talmage*, 104 Idaho 249, 252, 658 P.2d 920, 923

---

[1]    The analysis of the issue is the same under the Idaho and United States Constitution. *State v. Lindsay*, 96 Idaho 474, 531 P.2d 236 (1975). Consequently, we need only to analyze the issue under the federal standard.

(1983) (A delay of seven and one-half months was sufficient to trigger analysis). Accordingly, we proceed to the remaining three factors.

**B.    Reason for Delay**

In evaluating the reason for the delay, different weights are assigned to different reasons. *State v. Davis*, 141 Idaho 828, 837, 118 P.3d 160, 169 (Ct. App. 2005). Our speedy trial standards recognize that pretrial delay is often both inevitable and wholly justifiable. *Doggett v. United States*, 505 U.S. 647, 656 (1992).

Here, the district court found the initial thirteen-month delay to be neutral, and the remaining four-month delay largely attributable to Halbert. Halbert does not challenge this finding on appeal. The State argues that the district court erred in finding the thirteen-month delay to be neutral. The State contends that the delay was directly attributable to Halbert, as he was the proximate cause of the injuries he suffered. The State further argues that even if the initial thirteen-month delay is considered neutral, the reason for the total delay should weigh in favor of the State.

During the first thirteen months of delay, Halbert received necessary medical care that was beyond the level of care normally provided at the Jerome County Jail. The district court's conclusion that IDOC was better suited to provide the level of care Halbert needed and that the State's decision to delay transporting him to Jerome County during the first thirteen months after the criminal complaint was filed, was a legitimate reason to delay the case. While the State is correct that Halbert's need for continued medical care is attributable to his actions insomuch as it was a result of the car accident, Halbert was in the State's custody for the entirety of those thirteen months. Thus, we agree with the district court and find this portion of the delay to be neutral in our analysis. As Halbert does not challenge the district court's factual finding that the additional four-month delay is attributable Halbert, we also agree with the district court that the remaining four-month delay is attributable to Halbert, with the overall factor being neutral in its impact.

**C.    Assertion of Speedy Trial Right**

The timing of a defendant's assertion of the right to a speedy trial tends to inform whether a defendant actually desired a speedy trial. *State v. Holtslander*, 102 Idaho 306, 312, 629 P.2d 702, 708 (1981). The more serious the deprivation, the more likely a defendant is to complain. *Barker*, 407 U.S. at 531. The defendant's assertion of his speedy trial right, then, is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right. *Id.* at 531-32. Halbert contends his assertion was timely and therefore weighs against the State.

7

In support of his contention, Halbert cites *State v. Hernandez*, 163 Idaho 9, 407 P.3d 596 (Ct. App. 2017), in which this Court found the defendant's assertion of his right to a speedy trial two months prior to trial was timely. *Id.* at 16, 407 P.3d 603. Hernandez was arrested on January 9, 2015, and trial began September 28, 2015. *Id.* at 15-16, 407 P.3d at 602-03. He asserted his right to a speedy trial on August 11, 2015, two months prior to trial. *Id.* at 12, 407 P.3d at 599. This Court found that the timing of the assertion weighed "in favor of Hernandez as he timely asserted his right to a speedy trial." *Id.* at 16, 407 P.3d at 603.

The timing of a defendant's assertion of the right tends to disclose whether a defendant actually desired a speedy trial. *State v. Lopez*, 144 Idaho 349, 353, 160 P.3d 1284, 1288 (Ct. App. 2007). In *State v. Rodriquez-Perez*, 129 Idaho 29, 921 P.2d 206 (Ct. App. 1996), we concluded that where the defendant's first assertion of speedy trial rights had occurred ten months after his arrest, his assertion of the right at a "relatively late point in the proceedings does not weigh in favor of dismissal under the *Barker* balancing process." *Id.* at 38, 921 P.2d at 215.

Here, the criminal complaint was filed on March 23, 2018. Halbert testified that he received a copy of the complaint in June 2018, and he concedes on appeal that the first and only time he asserted his right to a speedy trial was in his motion to dismiss on August 5, 2019. This was more than sixteen months after the State filed the criminal complaint against Halbert, fourteen months after Halbert claimed he received a copy of the complaint, and only two months before trial. Unlike Hernandez, who asserted his right to a speedy trial seven months after his arrest, Halbert waited over a year to assert his right. Halbert's failure to assert his speedy trial rights until a relatively late point in the proceedings--fourteen months after receiving a copy of the criminal complaint--weighs against him.

D.    Prejudice

The fourth factor in the *Barker* analysis is prejudice to the accused caused by the delay. The nature and extent of prejudice is the most important of the *Barker* factors. *State v. McNew*, 131 Idaho 268, 273, 954 P.2d 686, 691 (Ct. App. 1998). Prejudice is to be assessed in light of the interests that the right to a speedy trial is designed to protect: (1) prevent oppressive pretrial incarceration; (2) minimize anxiety and concern of the accused; and (3) limit the possibility that the defense will be impaired. *Barker*, 407 U.S. at 532; *Young*, 136 Idaho at 118, 29 P.3d at 954. The third of these is the most significant because a hindrance to adequate preparation of the defense

8

"skews the fairness of the entire system." *Barker*, 407 U.S. at 532; *State v. Hernandez*, 133 Idaho 576, 583, 990 P.2d 742, 749 (Ct. App. 1999).

On appeal, Halbert reasserts the argument made in his motion to dismiss, as well as the argument made by his counsel during the hearing on the motion: "due to the delay . . . time has passed and we would contend that that is prejudicial to our client." The district court found that the prejudice alleged by Halbert was "speculative at best" and that Halbert had not alleged any specific prejudice. Halbert's conclusory argument that the passage of time in and of itself is inherently prejudicial is unpersuasive. Halbert has failed to show that his defense was in any way hindered by the delay in proceedings and nothing in the record indicates as such. Thus, this factor weighs against finding a speedy trial violation.

## E.      Balancing

The four foregoing factors, together with such other circumstances as may be relevant, must be weighed to determine whether there has been a violation of the constitutional right to a speedy trial. *Rodriquez-Perez*, 129 Idaho at 37, 921 P.2d at 214. In this case, two of the four factors, assertion of speedy trial right and prejudice, weigh against Halbert in proving his speedy trial right was violated. The other two factors, length of delay and the reason for the delay, are neutral and do not weigh against or in favor of either party. The district court weighed the four factors and concluded Halbert's right to a speedy trial was not violated by the delay. We agree with the district court and hold that the district court did not err in denying the motion to dismiss.

## IV.

## CONCLUSION

Halbert has not demonstrated a violation of his federal or state constitutional right to a speedy trial and, therefore, has failed to show error in the district's denial of his motion to dismiss. Accordingly, the district court's order denying Halbert's motion to dismiss is affirmed.

Judge GRATTON and Judge BRAILSFORD **CONCUR**.